McKinney, J.,
delivered the opinion of the court.
The general question discussed at the bar, and intended to be raised by the demurrer-to the defendant’s plea in abatement in this case is: If a resident citizen of this State, against whom a suit has been commenced, should remove and be *298 come a resident of another Stfite, in the interval between the issuance of the original process and the term of the court to which the same is returnable, will a judicial attachment lie against his property remaining within the jurisdiction of the court in which the suit is pending.
The present suit, whiph is an action for slanderous words, spoken of the wife, was commenced by summons on the 23d of September, 1850, upon which the sheriff, on the 28th of November following, made return,.that the defendant wasnot to be found within his county. At the ensuing term of the court a judicial attachment was awarded, which was levied on a tract of land and three slaves, the property of the defendant. The defendant replevied the property, by an agent, and filed a plea in abatement, verified by the affidavit of said agent. The material averment of the plea is, that at the time of the issuance of the judicial attachment in this case, the defendant was not a resident of this State, but was a resident of the State of Missouri. To this plea the plaintiffs demurred, and on argument the demurrer was overruled, and the plea held to be good.
We think it very clear that this plea is essentially defective in substance, for want of an averment, that the defendant was a non-resident at the time of the commencement of the suit.
The act of 1794, ch. 1, § 17, provides, that when the sheriff shall make return in any civil action, that the defendant is not to be found within his county, the plaintiff may, at his election, sue out an attachment against the estate of such defendant, or an alias, or pluries capias, &c. This provision implies that the defendant is an inhabitant-of this State at the time of the institution of the suit, and that his residence is in the county in which the suit may have been commenced, and that he evades the service of process. In such case, a judicial attachment may issue against his estate, in order to coerce his appearance.
It cannot be of the slightest importance, in view of this *299 remedy, in what way, or by what artifice, the service of process is evaded by the defendant — whether by concealment in the county of his residence, or in a different county, or by a change of residence to another State. If he were a resident, and subject to be served with the ordinary process of the law, when' the suit was commenced, he cannot, by a subsequent change of residence, whether for the mere purpose of evading service, or in good faith, defeat the plaintiffs’ right to a judicial attachment. If this were allowable, every suit, though properly commenced, might be defeated by a subsequent removal beyond the limits of the State.
But it is argued for the defendant, that the second proviso to the 23d section of the act of 1794, is applicable to the 17th section. In that proviso it is declared, “That no judicial process shall be issued against the estate of any person residing without the limits of this territory, unless such process is grounded on an original attachment, or unless the leading process in the suit has been executed on the person of the defendant, when within the territory.” This provision has no relation whatever to the 17th section. That section, as has been already stated, refers to persons who were residents of this State at the time the action was commenced. The 23d sec-iion applies only to non-residents, citizens of other States, who may have become indebted to our citizens, and be the owners of property within our jurisdiction. With reference to such non-residents, the proviso in question very properly declares, that no judicial process shall issue against their estates, unless grounded on an original attachment, or unless they may have been personally served with process, in the ordinary mode, while within our jurisdiction. See 1 Scott’s Rev.465.
The absurdity of applying this provision to the 17th section is too apparent to admit of further discussion.
The objection to the form of the plea — though to some ex *300 tent well founded — we de.em it unnecessary to notice, holding it to be bad in substance.
The judgment will be reversed, the demurrer be sustained, and the case be remanded, and the defendant will answer over to the merits of the action.